UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD T. HEIT (#190020),

       Plaintiff,

v.

ASHLEY MARANO, et al.,

       Defendants.

_____/

Case No. 2:23-cv-12576
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 31)

**A.    Instant Motion**

Plaintiff, an incarcerated individual, is proceeding *in forma pauperis*. (ECF Nos. 1, 2, 9.)  Currently before the Court is Plaintiff's July 19, 2024, motion for appointment of counsel.  (ECF No. 31.)  Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* proceedings.

**B.    Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case

convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[1] Accordingly, although the Court has the statutory

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

C. Analysis

    1. **Probable merit of Plaintiff's claims**

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendants. Due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice. In addition, the Court has issued a case management scheduling order, setting the dispositive motion cut-off for November 25, 2024, with discovery due by September 27, 2024. (ECF No. 19). It is too early to know if this case is going to

3

trial on the merits. If this case should proceed to trial, the Court can revisit whether to recruit counsel.

    **2.    Nature of the case and complexity of the issues**

Plaintiff asserts claims under the Fourth Amendment for unlawful arrest and seizure of his person, the Fifth Amendment for deprivation of liberty without due process, and the Fourteenth Amendment for denial of equal protection under the law. (ECF No. 1, PageID.1 ¶ 1.) On July 23, 2021, Defendants Sly and Marcano arrested Plaintiff for domestic assault at his residence in Port Huron, while he was seated on his porch playing or repairing his guitars. (ECF No. 1, PageID.3 ¶ 8.) It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants. The issues presented in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment violations are common in prisoner or arrestee civil rights litigation. "Appointment of counsel in civil cases is rather a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir.1993).

### 3. Indigency and ability of Plaintiff to represent himself

Plaintiff contends that due to his indigent status and incarceration, he is unable to obtain the basic necessities like paper and envelopes needed to draft and mail documents for this case. In addition, he has limited access to the prison law library.

Nonetheless, in addition to the instant request (ECF No. 31), the Court has reviewed Plaintiff's other filings, including: (a) his typed complaint (ECF No. 1); (b) his motion to proceed *in forma pauperis* (ECF No. 2); (c) his application to proceed without prepaying fees or costs (ECF No. 6), which the Court granted (ECF No. 9); (d) his response to Judge Michelson's order directing him to provide addresses (ECF Nos. 11 & 12); (e) his motion to extend time to answer defendants' affirmative defenses (ECF No. 17), which the Court denied (ECF No. 18); his response in opposition to affirmative defenses (ECF No. 20), which has since been stricken as unauthorized (ECF No. 21); his motion for miscellaneous relief (ECF No. 24), which the Court granted in part and denied in part (ECF No. 27) after a status conference by Zoom on May 20, 2024, at which Plaintiff expressed himself more than adequately; and his motion to compel discovery (ECF No. 29), which is under advisement. I find that Plaintiff has already illustrated his ability to properly communicate with the Court within the instant action, even in the instant motion. Thus, Plaintiff does not seem incapable of understanding legal proceedings, nor –

even considering the stricken response – incapable of adhering to the Court's rules and procedures.

While the Court recognizes the difficulty of pursuing litigation while indigent and incarcerated, it is not enough to justify the appointment of counsel. There is no right to counsel in civil cases filed by indigent *pro se* prisoners. *Bennett*, 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go forward in the hope that attorney's fees will later be rewarded. In any case, and unfortunately, indigency is widespread among the prison population and is certainly not an "exceptional circumstance." In addition, limited access to a law library applies to many prisoners pro se litigants and does not constitute an exceptional circumstance. *Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 U.S. Dist. LEXIS 89044, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) ("[c]ircumstances common to most prisoners, such as … limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Garrett*, 2018 U.S. Dist. LEXIS at *2-4 (denying motion for appointment of counsel by Plaintiff who claimed limited access to a law library.) The Court also acknowledges Plaintiff's limited ability to obtain materials necessary for this

case, however prisoners must manage their resources wisely. *Gibson v. Pollard*, No. 14-C-045, 2014 U.S. Dist. LEXIS 194579, at *6 (E.D. Wis., Mar. 18, 2014).

Further, Plaintiff alleges that his case will involve the need for medical experts, seemingly to prove damages. (ECF No. 31, PageID.163, ¶ 4.) While this may or may not be necessary, it is not exceptional in cases where a plaintiff has alleged physical or emotional injury, and many prisoners pursue litigation without experts or only obtain such expertise after a case survives dispositive motion scrutiny of liability and an attorney has been recruited; so this point may be putting the cart before the horse.

Plaintiff also mentions the fact that he has demanded a jury trial as support for his request for counsel. (*Id*., ¶ 5.) This does not move the needle in favor of counsel, particularly at this juncture, when it is unclear whether this case will proceed to trial or not.

Additionally, Plaintiff asserts that this case will involve "sharply conflicted" testimony "at trial" (*Id*., PageID.163, ¶ 6), that "[d]iscovery has become contentious" (*Id*., ¶ 7; *see also* PageID.160, ¶ 3), and that he finds himself (without specificity) "unable to secure key pieces of evidence he needs to substantiate portions of his claims." (*Id*., PageID.160, ¶ 3.) However, conflicting testimony is part and parcel of virtually every lawsuit. Contentious discovery, somewhat unfortunately, goes with the territory of modern litigation. And, as for Plaintiff's

7

ability to obtain evidence, the same discovery tools are available to him as are available to an attorney, with the same mechanisms for compelling it. *See* Fed. R. Civ. P. 26-37, 45.  In fact, he has already availed himself of these avenues for relief. (*See* ECF Nos. 24 & 28.)

Finally, Plaintiff mentions that he "has written several attorneys asking them to help him with this case but has not heard anything in return from them." (ECF No. 31, PageID.160, ¶ 4.)  This too is not unusual, although the Court would also like to see it otherwise.  Indeed, the Court sincerely wishes that it were possible to simply appoint counsel to *pro se* cases, as the presence of counsel very often renders litigation more efficient and undoubtedly renders aid to litigants who lack legal training; however, given the limited number of attorneys who are willing to take on these assignments when the case is already in trial mode, the Court knows from experience that obtaining qualified counsel for prisoner litigants is even more unlikely during pretrial proceedings, when costs and the expenditure of time without remuneration can become onerous to licensed attorneys.  Here, Plaintiff has not convinced the Court that there are any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case.  Thus, absent exceptional circumstances, seeking *pro bono* counsel at this stage of litigation would be premature.

**D.    Order**

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 31) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[2]

Dated:   August 6, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).