UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TERRY HEIT,

      Plaintiff,

v.

PORT HURON POLICE OFFICERS
MARCANO AND SLY,

      Defendants.
_____/

Case No. 2:23-CV-12576
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 28) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR MISCELLANEOUS RELIEF (ECF NO. 34)**

**A.    Background**

On June 6, 2024, Plaintiff Richard Terry Heit filed a motion to compel (ECF No. 28), which he followed sometime thereafter with an August 13, 2024 second motion for miscellaneous relief (ECF No. 34).  Defendants filed response briefs, asserting that they have complied with their discovery obligations.  (ECF No2. 29 & 35.)  Judge Michelson referred this case to me for all pretrial proceedings pursuant to 28 U.S.C. § 636(b). (E.C.F. No. 44.)

On October 1, 2024, the Court conducted a hearing on the two motions via Zoom.

B.     Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 28) is **GRANTED IN PART AND DENIED IN PART**. It is granted in part as to Plaintiff's discovery Request No. 3, which the Court finds is overbroad as written. The Court narrows the scope of the request and **DIRECTS** Defendants to supplement their responses by providing any texts between Plaintiff and Ms. Gardner dating from May 15, 2021 onward. Plaintiff's motion is **DENIED** as to disputed discovery requests Nos. 1, 5, and 6. Defendants have reasonably complied with their discovery obligations and Plaintiff's requests are either overbroad, not proportional or seek irrelevant information. Plaintiff's complaint does not contain a *Monell* claim, and City of Port Huron is not and never has been a party; therefore, much of the discovery at issue in this motion, which is directed towards City of Port Huron Policies is irrelevant or disproportional. As to Request No. 7, Defendants have represented that they do not have a recording or transcript of the requested 911 call, and thus cannot produce something they do not have. Moreover, the custodian for the 911 call recordings is St. Clair County, not Defendants. If Defendants come into possession of a recording or transcript of the call in the future, they are **DIRECTED** to supplement their responses and provide

2

a copy of the same to Plaintiff. In this limited and contingent sense, the motion to compel discovery as to Request No. 7 is **GRANTED IN PART**.

Plaintiff's second motion for miscellaneous relief (ECF No. 34) is **DENIED WITHOUT PREJUDICE**. It appears that the parties are on a path toward solving the logistical issues which have thus far prevented Plaintiff from viewing the relevant video evidence on a flash drive. In the event Plaintiff has still not been able to view the video evidence in a reasonable time, he may bring a renewed motion seeking appropriate relief.

No costs will be awarded on either motion. *See* Fed. R. Civ. P. 37(a)(5).

Finally, the Court notes that during the Zoom hearing, Plaintiff advised the Court that he had recently mailed a motion for protective order to the Court. Plaintiff told the Court that the issues raised therein have been resolved and the Court should "ignore" the motion. As such, when the motion is received and filed, the Court will deny it as moot.

**IT IS SO ORDERED.**[1]

Dated: October 2, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).