UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD T. HEIT,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICERS ASHLEY MARCANO and JENNIFER SLY,<br><br>    Defendants. | Case No. 23-12576<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [49], GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [41], AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [48]**

Richard T. Heit, who is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, alleges that Port Huron police officers Ashley Marcano and Jennifer Sly violated his Fourth and Fourteenth Amendment rights in connection with his July 2021 arrest for domestic violence. He brought this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 seeking monetary damages. (ECF No. 1.) All pretrial matters were referred to Magistrate Judge Anthony P. Patti. (ECF No. 15.) On July 22, 2025, Judge Patti issued a Report and Recommendation (ECF No. 49) to grant the defendants' motion for summary judgment (ECF No. 41). Judge Patti agreed that the officers are entitled to qualified immunity with respect to Heit's Fourteenth Amendment due process claim (ECF No. 49, PageID.532–533) and Fourth Amendment claims concerning his warrantless arrest and pre- and post-arraignment detention (*id.* at PageID.536–540). And while the officers did not raise a qualified

immunity defense to Heit's Fourteenth Amendment equal protection claim (*id.* at PageID.529 n.1), Judge Patti concluded that "Heit does not come forward with any admissible evidence showing that the Officers violated his equal-protection rights" (*id.* at PageID.536), thus entitling the officers to summary judgment on that claim, as well (*see id.* at PageID.533–536).

At the conclusion of his Report and Recommendation, Magistrate Judge Patti notified Heit that he was required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 49, PageID.541.) Since Heit was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). The prison mailbox rule also applies, so Heit's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period, and allowing some time for the Court to receive objections that Heit may have mailed, it has now been almost a month since the Report was served. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a

magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of Judge Patti's Report and Recommendation and accepts the recommended disposition. (ECF No. 49.) It follows that Defendants' motion for summary judgment (ECF No. 41) is GRANTED.

Finally, the Court DENIES Heit's motion for relief from judgment (ECF No. 48). All cases filed by incarcerated persons are subject to the payment of a filing fee. *See* 28 U.S.C. § 1915(b)(1) (providing that, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee" and that "[t]he court shall . . . collect . . . an initial partial filing fee"); *see also Rouse v. Michigan*, No. 17-12276, 2017 U.S. Dist. LEXIS 124645, at *5 (E.D. Mich. Aug. 8, 2017) ("Although Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the PLRA, the text of the Act is not limited to such actions. . . . The phrase 'civil action' contained in the PLRA's filing fee provisions is not limited to challenges to the conditions of confinement."); *Burkowski*

3

*v. Smith*, No. 15-11384, 2015 U.S. Dist. LEXIS 150202, at *4 (E.D. Mich. Nov. 5, 2015) (same).

Heit's complaint (ECF No. 1) is hereby DISMISSED. A separate judgment will follow.

SO ORDERED.

Dated: August 18, 2025

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE